UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS C. HABERSHAM., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:18-cv-00606-SEB-TAB |
| | ) |
| DEPARTMENT OF VETERANS AFFAIRS, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Thomas C. Habersham has brought this action against Defendant, the United States Department of Veterans Affairs, seeking judicial review of the Department's determination on his claim for benefits. Dkt. No. 1 ("Compl."). This case is now before us on Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1), Dkt. No. 13, to which Mr. Habersham has filed a belated response. Dkt. No. 20. For the reasons set forth below, the motion is GRANTED.

**BACKGROUND**

On March 1, 2018, Mr. Habersham filed a Complaint alleging that in 1977 he was "ordered to use unauthorized[d] chemicals," which, he says, caused him to become ill. Compl. at 2. He further alleged that he "reported [his] illnesses for several years, but the VA refuse[d]to [adhere] to all of the recommendations set by the American [Legion]. *Id*. at 3. As relief, Mr. Habersham seeks "the [e]ntitlement set [forth] by the laws that

1

govern[] compensation for [i]njured [veterans] that suffered harm while serving in the military." *Id*. at 4. Attached to his Complaint are documents related to a claim for veterans benefits that he apparently filed. Dkt. No. 1-1 at 134-57. Mr. Habersham is currently proceeding *pro se*. [1]

## BURDEN OF PROOF AND STANDARD OF REVIEW

The Federal Rules of Civil Procedure command courts to dismiss any suit over which they lack subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2002). Where, as here, a subject-matter jurisdiction challenge is raised, a plaintiff such as Mr. Habersham must establish that jurisdiction exists. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). To do so, he must demonstrate a non-frivolous claim based on federal law (and must meet all other statutory prerequisites for litigating the federal claim). *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A jurisdictional challenge must be considered and resolved before addressing the merits of a plaintiff's claims. *Steele Co. v. Citizens for a Better Env't,* 504 U.S. 555, 561 (1998).

In ruling on a 12(b)(1) motion, "a district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007)

---

[1] Noting that the Department's Office of General Counsel maintains information on legal service providers that offer services to veterans for reduced fees, the Court denied Mr. Habersham's Motion for Assistance (Dkt. No. 18) because the motion was not clear on its face whether Mr. Habersham had made any attempt to procure an attorney, as litigants requesting the Court's assistance in obtaining counsel are required to do. Dkt. No. 19.

(quoting *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir.1999)). Dismissal is proper if Mr. Habersham has failed to establish any set of facts that would entitle him to the relief he seeks.

## DISCUSSION

The Department argues that Mr. Habersham's Complaint should be dismissed based on a lack of subject-matter jurisdiction because it challenges the Department's adjudication of his benefits claim, which challenge is non-reviewable by district courts under the plain language of 38 U.S.C. § 511(a). Dkt. No. 14 at 3. It further argues that the United States has not waived its sovereign immunity to allow review of veterans benefit determinations to proceed in federal district court, nor has Mr. Habersham identified any authority supporting such a waiver of immunity. *Id.* (citing *United States v. Testan*, 424 U.S. 392, 399 (1976); *Macklin v. United States*, 300 F.3d 814, 820 (7th Cir. 2002)).

In his opposition to the Department's Rule 12(b)(1) motion, Mr. Habersham offers no cogent argument(s).[2] Instead, he simply has submitted documents he apparently obtained from the Department in response to his request for "discovery of the rea[son] for the denial of his . . disability [benefits] by the Veterans Administration." Dkt. No. 20 at 1. He has also attached documents purportedly proving that he served in the U.S. military at the time of his alleged injuries. *Id.*

---

[2] Mr. Habersham filed his opposition to the Department's June 28, 2018 motion on October 11, 2018, well beyond the 21 days allotted by Local Rule 7-1 for such a response.

The Veteran's Judicial Review Act ("VJRA") establishes the exclusive review procedures through which a veteran may challenge the Department's adjudication of his or her claim for benefits. *See* 38 U.S.C. § 511(a). In pertinent part, that statute provides as follows:

> (a) The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a).

The VJRA precludes federal court review of benefit determinations, but it also sets forth the prescribed procedures that veterans seeking review of such determinations must follow. *Id.*; *Karmatzis v. Hamilton*, 553 Fed. Appx. 617, 618-619 (7th Cir. 2014). If a veteran obtains what he/she regards as an unsatisfactory benefit determination after filing a claim at the regional Veterans Affairs office within his jurisdiction, an appeal may be taken to the Board of Veterans' Appeals, after which relief may be sought before the Court of Appeals for Veterans Claims, the Court of Appeals for the Federal Circuit and, ultimately, the Supreme Court. 38 U.S.C. §§ 7104(a), 7252(a), 7292(a), (c); *see Lewis v. Norton*, 355 F. Appx. 69, 70 (7th Cir. 2009) (describing the judicial review process for veterans' benefits decisions). The VJRA's clear formulation of the benefit review process has generally resulted in federal courts' holdings that the statute divests them of jurisdiction to review lawsuits that attack the denial of individual veteran's benefits claims or the discontinuation of such benefits. *Karmatzis,* 553 Fed. Appx. at 618-619

4

("The circuits unanimously agree that the VJRA divests the federal courts of jurisdiction to review lawsuits challenging individual benefits decisions.").

Mr. Habersham's Complaint as well as his response to the Department's Motion to Dismiss make clear that Mr. Habersham is, indeed, seeking review of a benefit determination previously issued by the Department. Compl. at 4 (invoking "the laws that govern[] compensation for [i]njured [veterans] that suffered harm while serving in the military."); Dkt. No. 1-1 at 134-57 (exhibits including military service and medical records); Dkt. No. 20 (documents apparently related to claims filed with the Department by Mr. Habersham relating to his lung condition, lower back condition and irregular heartbeat). Accordingly, we grant the Department's motion to dismiss the Complaint for lack of subject-matter jurisdiction. *See Evans v. Greenfield Banking Co.*, 774 F.3d 1117, 1124 (7th Cir. 2014) (affirming the dismissal for lack of jurisdiction where plaintiff challenged veteran benefits distribution). Final judgment shall enter accordingly.

IT IS SO ORDERED.

Date: 10/19/2018

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

THOMAS C. HABERSHAM
402 Pennsylvania St.
Elizabethtown, IN 47232

Rachana Nagin Fischer
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
rachana.fischer@usdoj.gov